UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------

| | |
|---|---|
| LARRY G. PHILPOT | 16-cv-00026(AT)(BCM) |
| Plaintiff, | |
| v. | RESPONSE BY RIHARD GARBARIN TO ORDER SHOW CAUSE |
| LAW STREET MEDIA, LLC, | |
| Defendant, | |

-----------------------------------------------------

I, Richard Garbarini, hereby respond to the Order to Show Cause of this Court dated June 8, 2016. As an initial matter, I apologize for any delay in responding, I was not aware of the Order to Show Cause. As previously stated at length, under oath, to the Court, there was never, at any time an intention to mislead the Court, nor do I believe any statement which I respond to below had the impact of misleading the Court. I fully admit, as I did under oath, that several of the statements were not accurate (as described below), but there was never an intention that any single statement, or all taken together, was made to mislead the Court.

The Court has requested a response to six statements:

1. **Plaintiff cannot speak right now.** (Dkt. No. 28.)

Counsel was informed by Plaintiff on April 8 that he was schedule for oral surgery scheduled for the Monday of the mediation not would not be attending. It was, in fact, a surprising, and very brief, message. In return, I sent dozens of texts requesting a response with no text being returned in response. I had repeatedly asked to speak with Plaintiff, and received no reply. This statement was accurate, to my belief, when made.

2. **Due to Plaintiff's surgery, he has made arrangements for Mr. Dolan to appear the mediation on his behalf.**

As the Court mentioned, as Plaintiff's attorney, I act on his behalf. As I stated at the hearing, I acted on Plaintiff's behalf in an effort to protect the Plaintiff from what could be a poorly received last minute change. The Plaintiff did make arrangements, but those arrangements were made through and by counsel on behalf on Plaintiff. At no time was this intended to mislead the Court, and I believed the statement to be accurate, when made.

3. **Mr. Dolan has full-authority to resolve this matter.**

Plaintiff and counsel had made a prior arrangement allowing settlement, and that arrangement was conveyed to Mr. Dolan. As a stand-in for the Plaintiff, done solely for the purpose of protecting the Plaintiff, there was full authority to settle the matter at mediation. At no time was this intended to mislead the Court. During mediation that authority was changed, and that change was conveyed immediately to the Court.

4. **Dozens of emails, text messages, and phone calls have been ignore with one exception.**

As previously conveyed to the Court, there were dozens of emails, text messages, and phone calls that were ignored. Counsel incorrectly stated "with one exception" there were at least several exceptions. I did not intend for this to mislead the Court, and believe had I accurately stated that there were more exceptions, it would not have changed the tenure of what I was trying to convey to the Court (hat being there was a break-down in communication between counsel and client).

5. **During the mediation I received a single line email regarding settlement parameters which I immediately conveyed to the Court.**

The email was several lines, what I meant was a brief statement. The use of the phrase "a single line" was not intended to mislead the Court. Had I stated it was a "several line email", I

do not believe it would have changed the import of the statement. I had previously apologized to the Court for making the statement "a single line", it was 2-3 lines, but I never intended the phrase to be misleading. Additionally, when the email was received I immediately jumped up to inform the Court, to interrupt any possibility of the Court wasting its time. I poorly recalled that there was one line to the email, and I, again, apologize to the Court. Again, I do not believe the statement mislead the Court, and I respectfully did not have any intention to mislead the Court.

6. **I receive an unsolicited one line email on April 8, 2016, informing that Mr. Philpot was scheduled for oral surgery on the 11th and could not attend the mediation.**

I did receive an email on April 8, 2016 informing me that Mr. Philpot could not attend the mediation. The statement, containing forty words, was a brief statement that appears on two lines. There was an additional email produced by Mr. Philpot, but, regrettably, I had no record of that email. I would not have continued to ask Mr. Philpot to speak with me, or send dozens of emails pleading for him to call me, had I known of that email. I had no intent to mislead the Court.

I respectfully understand the Court's position, and hope the Court not elect to sanction me. At no time did I intend to mislead the Court, and I have nothing but the utmost respect for Your Honor. I apologize again. If it pleases the Court, in light of the above, I will voluntary donate $1,000 to the Lawyer's Assistance Program, or a program of the Court's choosing. I am truly sorry.

Dated: June 27, 2016

_____
Richard Garbarini

## CERTFICATE OF SERVICE

On June 27, 2016, plaintiff Larry Philpot was informed by email from counsel a copy was also sent to Plaintiff by overnight express mail via the USPS.

Richard Garbarini